JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

STEPHEN HARMON,

                        Plaintiff,

           -against-

Detective TREBOR EVANS, Shield No. 343; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                        Defendants.

-------------------------------------------------------------- x

**RECEIVED DEC 3 1 2013 U.S.D.C. S.D.N.Y. CASHIERS**

**COMPLAINT**

Jury Trial Demanded

**13 CV 9228**

## NATURE OF THE ACTION

      1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

      3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and

1343.

      4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Stephen Harman ("plaintiff" or "Mr. Harman") is a resident of New York County in the City and State of New York.

7.      Defendant Detective Trebor Evans, Shield No. 343 ("Evans"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Evans is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.     At approximately 9:00 a.m. on April 19, 2013, Mr. Harman was unlawfully detained and arrested, assaulted, and thereafter prosecuted on the false charge of reckless endangerment, a felony.

12.     At the time, Mr. Harman was headed to work in the area of 2647 Broadway in Manhattan.

13.     Without reasonable suspicion or probable cause to believe Mr. Harmon had committed a crime, defendants grabbed plaintiff from behind, threw him to the ground, pinned him and viciously yanked his arms backward before handcuffing him.

14.     Mr. Harman was taken to the 24th Precinct.

15.     At the precinct the officers falsely informed employees of the Manhattan County District Attorney's Office that they had observed Mr. Harman commit the felony crime of reckless endangerment and prepared false paperwork, including an arrest report.

16.     At no point did the officers observe Mr. Harman commit a crime.

17.     Plaintiff was eventually taken to Manhattan Central Booking, also known as the Tombs.

18.     In the early morning of April 20, 2013, and after retaining private counsel, Mr. Harman was arraigned in New York County Criminal Court where he was released on his own recognizance after approximately 16 hours in custody.

-3-

19.     On or about May 16, 2013, the criminal charges were adjourned in contemplation of dismissal.

20.     Plaintiff required medical treatment for his shoulder and hand due to the violent attack by defendants.

21.     Mr. Harmon suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

22.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

25.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

27.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

28.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

30.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

31.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.     The individual defendants created false evidence against plaintiff.

-5-

33.     The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

34.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-6-

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.


DATED:    December 30, 2013
             New York, New York


                        HARVIS WRIGHT & FETT LLP

                        Gabriel Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@hwandf.com

                        *Attorneys for plaintiff*